UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINC MARIE BENKERT,

    Plaintiff,

vs.                                          Case No,: 8:04-CV-1770-T-17MAP

DOCKSIDE CONDOMINIUM
ASSOCIATION, INC., DENNIS PEREZ
and PETER NEWTON.

    Defendants.

_____/

## ORDER

This case is before the Court on Plaintiff, Linc Marie Benkert's, motion for summary judgment and incorporated memorandum of law, filed April 21, 2006 (Dkt. 31), and Defendants. Dockside Condominium Association, Inc.. Dennis Perez, and Peter Newton's response thereto, filed May 1, 2006 (Dkt. 32).

### I: Background

On July 30, 2004, Linc Marie Benkert ("Plaintiff") filed this action against Dockside Condominium Association, Inc., Dennis Perez, and Peter Newton ("Defendants"). Plaintiff moved for summary judgment on Counts VII and VIII of the complaint alleging that Defendants' refusal to provide reasonable accommodations in the rules, policies, practices and services necessary for Plaintiff's use and enjoyment of her condominium, and Defendants' refusal to allow Plaintiff to make reasonable modifications to her condominium at her expense, constituted a violation of the Florida Fair Housing Act, Fla. Stat. § 760.23(9) (2005) (Count VII), and the Federal Fair Housing Act 42 U.S.C. § 3601-20 (2000) (Count VIII). The following facts are accepted as true for the purposes of resolving this motion.

Plaintiff suffers from debilitating nerve injuries, severe back and neck spasms, chronic pain, and mental and emotional impairment. Since January 2001, Plaintiff has been limited in her

ability to walk, work, and care for herself. One of Benkert's physicians prescribed the use of a Therapeutic Spa to treat her condition. After receiving the prescription, Benkert previewed a condominium at the Dockside Condominium ("Unit") in late 2001. Dennis Perez, the seller of the Unit and president of the Dockside Condominium Association ("Association") at the time, represented that Plaintiff would be able to install and use the Therapeutic Spa in the Unit. Plaintiff purchased the Unit based on this representation, and purchased the Therapeutic Spa prior to closing on the Unit. Before the Therapeutic Spa was delivered, Peter Newton, who succeeded Perez as president of the Association, informed Plaintiff that she did not have permission to use the Therapeutic Spa in the Unit.

Plaintiff claims the Association prohibited Plaintiff from using the Therapeutic Spa. She also claims the Association threatened to fine her as much as $100.00 per day if she attempted to use the Therapeutic Spa. Plaintiff asserts that she requested that the Association allow her to keep a companion dog, and to modify her front door and her porch, and states that she provided the Association with prescriptions stating that her requests were medically necessary to treat her condition. Plaintiff claims the Association denied her requests.

Plaintiff asks this Court to grant her motion for summary judgement. Plaintiff asserts it is undisputed that (1) she is disabled under the Florida Fair Housing Act and the Federal Fair Housing Act; (2) the accommodations requested by Plaintiff are reasonable because they were deemed medically necessary by her physicians; and (3) her requests for accommodations were denied by Defendants, in violation of the Florida Fair Housing Act and the Federal Fair Housing Act. Defendants refute these claims and assert that there is a genuine issue of material fact as to whether the Association denied Plaintiff's requests for the Therapeutic Spa, dog, and front door, and whether those accommodations were necessary to afford the Plaintiff equal opportunity to use and enjoy the dwelling. Defendants do not address the issue of the porch modifications in their response.

## II: Standard of Review

"Summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). The moving

party initially bears the burden of demonstrating that there is no genuine issue of material fact. Id. at 323-324. Upon such a showing, the non-moving party must demonstrate, based on specific facts set forth in affidavits, depositions, responses to interrogatories, or admissions, that there is disputed factual issue. Id. at 324. There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party...." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quotation omitted). When deciding whether summary judgment is appropriate, the court should view the record and draw inferences in the light most favorable to the non-moving party. Harlow v. Fitzgerald, 457 U.S. 800, 816 (1982).

### III: Discussion

Plaintiff alleges that Defendants violated the Federal Fair Housing Act and the Florida Fair housing Act by: (1) refusing to provide reasonable accommodations in the rules, policies, practices and services necessary for Plaintiff's use and enjoyment of her condominium; and (2) refusing to allow Plaintiff to make reasonable modifications to her condominium at her expense. The Federal Fair Housing Act prohibits

- A) a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises .... [or]
- B) a refusal to make reasonable accommodations in rules, policies, practices or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling.. . .

42 U.S.C. § 3604 (f)(3) (2000). "The Florida Fair Housing Act contains statutory provisions that are substantively identical to the [F]ederal Fair Housing Act, and the facts and circumstances that comprise the federal and state fair housing claims are the same." Loren v. Sasser, 309 F.3d 1296, 1300 n.9 (11th Cir. 2002); see Fla. Stat. § 760.23(9) (2005).

Plaintiff, in her motion for summary judgment, alleges the following elements of her claims are undisputed: (1) she is disabled under the Federal Fair Housing Act and the Florida Fair Housing Act; (2) the accommodations she requested were reasonable and necessary for her full use and enjoyment of the Unit; and (3) Defendants discriminated against Plaintiff by failing to allow Plaintiff to modify her residence and failing to make

exceptions to the Association's rules and procedures. Having considered the record before it, the Court finds that there is a genuine issue of material fact as to whether the Defendants refused to permit Plaintiff to install and use the Therapeutic Spa, to install the front door, and to obtain a companion dog. In addition, Plaintiff did not meet her burden of proving that there was no genuine issue of material fact as to whether the porch modifications were necessary for her full use and enjoyment of the Unit.

## Whether the Defendants Refused Reasonable Modifications or Refused to Make Reasonable Accommodations to Rules, Policies and Practices

### 1. The Therapeutic Spa

Plaintiff alleges that Defendants refused to allow her to use her Therapeutic Spa, and threatened to fine her if she chose to use it. However, Defendants contend that Plaintiff was never denied use of the Therapeutic Spa nor threatened with fines by the Association. The evidence suggests that the Association did not necessarily deny Plaintiff permission to use the Therapeutic Spa, but may have instead withheld permission until an engineering study could be performed to assess whether the Therapeutic Spa would have a negative impact on other owners and residents. There is testimony that there were no reasons for denying Plaintiff permission to use her Therapeutic Spa other than to obtain an engineering report and to assess the safety of the Therapeutic Spa. The depositions suggest there is some question as to whether there were any discussions about whether Plaintiff should be allowed to use her Therapeutic Spa at any of the Association's board of directors meetings ("Board Meetings"). Several members of the board of directors testified that they were unaware of any Board Meetings where the issue of fining Plaintiff for use of her Therapeutic Spa was voted on or discussed. The evidence demonstrates that there is a genuine issue of material fact as to whether Defendants refused to permit Plaintiff to install and use the Therapeutic Spa. Because there is an issue of material fact as to whether Defendants refused the accommodation, it is unnecessary for this Court to assess whether the was necessary for Plaintiff's use and enjoyment of the Unit.

### 2. The Door

Plaintiff claims that Defendants denied her request to install a glass front door at her expense. However, the evidence suggests that there is a genuine issue of material fact as to

whether Defendants denied Plaintiff's request. Plaintiff herself testified that she did not know whether she ever received a reply from Defendants, and that she was unsure as to whether Defendants told her not to modify her door. Testimony suggests that the issue of Plaintiff's request to modify her front door may not have been discussed at any of the Board Meetings, and, therefore, that Defendants may have been unaware of Plaintiff's request to change her door. Based on this evidence, it is clear that there is a genuine issue of material fact as to whether Plaintiff was denied permission to install a glass front door. It is therefore unnecessary for this Court to assess whether the modification to the door was necessary for Plaintiff's use and enjoyment if the Unit.

### 3. The Dog

Plaintiff claims that Defendants denied her request to obtain a companion dog to help alleviate her depression. However, there is again an issue of material fact as to whether Plaintiff's request to modify the no-dog policy was refused by Defendants. Plaintiff testified that she does not know whether she made a written request for permission to obtain a companion dog, but merely claims that Defendants knew she wanted one. Plaintiff admits she never received a letter saying she could not have a companion dog. Board members testified that they were unaware of Plaintiff's request for a companion dog. The evidence demonstrates that there is an issue of material fact as to whether Defendants actually knew of and refused Plaintiff's request for a companion dog. Therefore, this Court does not address whether it was necessary for Defendants to accommodate Plaintiff's request for a dog in order for Plaintiff to use and enjoy the Unit.

### Whether the Proposed Modification to the Patio Door was Necessary for Plaintiff's Use and Enjoyment of the Unit

Plaintiff's final contention is that Defendants denied her request to modify the porch in her Unit by installing a sliding glass door. Defendants did not address this request in their response to Plaintiff's motion for summary judgment. However, because Plaintiff failed to meet her initial burden of demonstrating that there was no genuine issue of material fact as to whether the proposed modifications were denied, or whether the modifications were necessary to afford Plaintiff equal opportunity to use and enjoy the dwelling, it was not necessary for Defendants to demonstrate that an issue of material fact existed. Celotex Corp., 477 U.S. at 322-324.

Plaintiff claims she requested permission to install sliding glass screens on her porch so that she could use her balcony without being disturbed by the bats and bugs. Plaintiff admitted in her deposition that she does not think she received a response to her request. Plaintiff does not remember whether the request was submitted in writing, or whether she was told not to make the modifications. Plaintiff only remembers that she had a "negative feeling about [the modification] when [she] brought it up." (Benkert Dep. Vol III, 27.) Plaintiff stated in her testimony that she did not receive a prescription for the modification to the porch, and that she merely spoke with her doctor about the proposed modifications.

While a party "may move for summary judgment with or without supporting affidavits," the motion should be granted only "so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323 (citations omitted). Under Rule 56(c), summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Fed. R. Civ. P. 56(c)). The evidence before the Court does not satisfy the standard for summary judgment under Rule 56(c). Plaintiff's claim that she had a 'negative feeling' when she mentioned the proposed modifications does not demonstrate that Defendants refused her request for the accommodation. Similarly, the fact that Plaintiff discussed the modifications with her doctor, and the fact that she was disturbed by the insects and bugs around her porch, do not show that modifying the porch was necessary to provide her equal opportunity to use and enjoy the Unit. Therefore, this Court finds that Plaintiff did not succeed in showing that there was no genuine issue of material fact as to whether Defendants denied Plaintiff's requested porch modifications or whether the proposed modifications were necessary for her use and enjoyment of the property.

### IV: Conclusion

Defendants have demonstrated that there is a genuine issue of material fact as to whether Defendants refused to allow Plaintiff to use her Therapeutic Spa, install a glass front door, or obtain a companion dog. It is therefore unnecessary for this Court to assess whether these proposed accommodations were necessary for Plaintiff's use and enjoyment of the Unit. Additionally, this Court finds that Plaintiff failed to show there was no genuine issue of material

fact as to whether the porch modifications were refused by Defendants, and whether the modifications were necessary to afford Plaintiff equal opportunity to use and enjoy her Unit. Accordingly, it is

ORDERED that Plaintiff's motion for summary judgment be DENIED as to Plaintiff's Federal Fair Housing Act and Florida Fair Housing Act Claims.

DONE AND ORDERED in Chambers, in Tampa, Florida, on this 27th day of June, 2005.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to: All parties and counsel of record